UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:01CR11-T

FILED
ASHEVILLE, N.C.

NOV 16 2007

U.S. DISTRICT COURT
W. DIST. OF N.C.

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>PHILLIP MARK VAUGHAN, et al. )<br>_____ )<br>HOWARD T. PRINCE, III / REAL )<br>PROPERTY LOCATED AT 211 SOUTH )<br>ELM, HOUGHTON, LOUISIANA )<br>_____ ) | **SUPPLEMENTAL ORDER<br>CONFIRMING FORFEITURE<br>(CONSENT ORDER)** |

NOW COME the United States of America, by and through Gretchen C. F. Shappert, United States Attorney for the Western District of North Carolina, and defendant Howard T. Prince, III, and his wife, Terri Whitehead Prince (collectively, "the Princes"), by consent, and hereby move the Court to enter this supplemental order confirming forfeiture to address matters subsequent to the final order confirming forfeiture filed herein on December 22, 2004. In support of this motion, the government and the Princes respectfully show the following:

1. In a consent document submitted at his sentencing hearing and subsequently filed herein on May 14, 2003, defendant agreed to forfeit real property located 211 South Elm, Haughton, Louisiana. On April 15, 2004, this Court entered a preliminary order of forfeiture of this property pursuant to Fed. R. Crim. P. 32.2(b) and 21 U.S.C. §853(n), based upon the defendant's plea of guilty to Count One in the bill of indictment and his consent to forfeiture.

2. At that time, title to this property was vested in the name of Terri Whitehead Prince as the result of a conveyance executed by defendant on May 1, 2000. However, Mrs. Prince also signed the May 14, 2003, consent document, thus agreeing to the forfeiture herein.

3. On or about September 22, 2003, the Princes executed a mortgage in favor of Bank One, N.A., which was later acquired by and became known as JPMorganChase Bank ("the Bank"), in connection with a refinance loan. At that time, the Bank closed the refinance loan without a title search which would have disclosed the existence of a notice of lien filed by the government in connection with this case. Under Louisiana real property law, the Bank's mortgage thus became subordinate to the government's lien.

3. On May 21, May 28, and June 4, 2004, the United States published in the Mecklenburg Times and the Shreveport Times, newspapers of general circulation, notice of this forfeiture and of the intent of the government to dispose of the forfeited property according to law, and further notifying all third parties of their right to petition the Court within thirty days for a hearing to adjudicate the validity of any alleged legal interest in the property. See Forms USM-285, filed herein on June 17, 2004. One petition was filed and denied by the Court on May 28, 2004, and no other petitions were filed. The Bank was served with notice but, following several communications with counsel for the government, elected not to file a claim because the mortgage was clearly subordinate to the government's forfeiture and restitution interest as a legal matter. Consequently, in accordance with Rule 32.2(c)(2), the Court entered the order confirming forfeiture to give the government clear title to the subject property.

4. Subsequently, the government obtained additional information regarding the circumstances of the refinance loan, indicating that this loan was a "no cash out refi" which did not affect the equity in the property that was available for forfeiture. The government therefore invited the Bank to submit a petition for remission or mitigation of forfeiture, based on equitable grounds, to the Department of Justice. See 18 C.F.R. Part 9. The Bank did so on November 15, 2005. That

2

petition was granted in part and denied in part on November 15, 2006. During this time, the Princes continued to live in the house and make the mortgage payments.

5. As the result of the action taken by the Department of Justice on the petition and other recent developments, the government and the Princes have agreed that the Princes will pay off the remaining amount owed to the Bank, which is approximately $46,346.74, and tender a check to the government for $50,000, payable to the United States Marshals Service, as a substitute res for the remaining equity in this real property, thus allowing the Princes to keep the house.

6. In accordance with the Court's previous orders directing the transfer of forfeited assets for restitution, see, e.g. Order filed December 29, 2003, the Marshals Service shall transfer the $50,000 substitute res to the special master in this case, Charles E. Lyons II, for disbursement as further restitution to the victims and, to the extent restitution is still owed by defendant, this amount shall be credited as a payment by defendant toward his restitution obligation herein.

7. Because title to the property and the legal status of the Bank's mortgage were adjudicated by the Court's order of December 22, 2004, the parties respectfully submit that a supplemental order of this Court is necessary to establish clear title under Louisiana law based on this settlement, to forfeit the substitute res, and to direct the payment of restitution as provided above.

IT IS THEREFORE ORDERED that the following supplemental terms shall apply to the Court's Order Confirming Forfeiture filed herein on December 22, 2004, and shall be effective as of the date of this order:

> 1. Upon payment by the Princes to the Bank of the sum of approximately $46,346.74 and to the government of the sum of $50,000, the $50,000 payment to the government is forfeited to the United States as a substitute res for the real property located at 211 South Elm, Haughton, Louisiana.
>
> 2. Upon receipt of the $50,000, the Marshals Service shall execute a quitclaim deed to the

3

Princes for the real property located at 211 South Elm, Houghton, Louisiana, which is more particularly described in an act of donation between Howard Taft Prince, III, and Terri Whitehead Prince, recorded at Volume 1210, Page 106, in the land records of the State of Louisiana, Parish of Bossier, on August 9, 2001.

ON MOTION AND BY CONSENT OF THE PARTIES:

_____  11/5/07
HOWARD T. PRINCE, III          Date
Defendant

_____  11/07/07
SEAN DEVEREUX                  Date
Attorney for Defendant

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY, by

_____  November 13, 2007
WILLIAM A. BRAFFORD            Date
Assistant United States Attorney

CONSENTED AND AGREED TO:

_____  11-5-07
TERRI WHITEHEAD PRINCE         Date


SO ORDERED this the 16th day of November, 2007.

_____
LACY H. THORNBURG
UNITED STATES DISTRICT JUDGE